```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| ROBERT R. PORTER, )<br>  ) | Civil Action No. 04 - 465 |
| Plaintiff,  ) | |
|   ) | Judge Thomas M. Hardiman/ |
| v.    ) | Magistrate Judge Lisa Pupo Lenihan |
|   ) | |
| Unit Manager MARK CAPOZZA, ) | |
|   ) | RE   Doc. 15 |
| Defendant   ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### RECOMMENDATION

It is respectfully recommended that the Defendants' Motion to Dismiss be granted in part and denied in part. It should be granted as to Plaintiff's claims against Defendant Capozza in his official capacity. It should be denied as to Plaintiff's claim against Defendant Capozza in his individual capacity. It is further recommended that the parties' request to consolidate this case be granted and that the Clerk be directed to consolidate this case with Porter v. Blake, No. 04-464 (W.D. Pa.).

### REPORT

Robert R. Porter (Plaintiff) is currently incarcerated in the State Correctional Institution at Camp Hill (SCI-Camp Hill), serving a state sentence of 2 to 10 years. Pursuant to 42 U.S.C. § 1983, he has filed a civil rights lawsuit against Mark Capozza, the manager of the Special Management Unit where Plaintiff was housed in at SCI-Greene, which is where the alleged constitutional violations occurred.

Previously, Plaintiff had filed another civil rights suit against two correctional officers who also worked on the Unit at SCI-Greene.  That case is <u>Porter v. Blake and Wright</u>, No. 04-464 (W.D. Pa. Filed March 25, 2004)("the <u>Blake</u> suit").  In the <u>Blake</u> suit, Plaintiff sued Corrections Officers Blake and Wright for allegedly contaminating Plaintiff's milk with Hepatitis A and C, causing Plaintiff to contract Hepatitis A and C.  In the present suit, Plaintiff sues the Unit Manager Mark Capozza for apparently failing to properly supervise Corrections Officers Blake and Wright.  Specifically, Plaintiff alleges that

> Mr. Mark Capozza is [the] active unit manager of SCI Greene S.M.U. [i.e., Special Management Unit] and has the duty of supervising all officers working the S.M.U. because Mr. Mark Capozza has knowledge and acquiescence of violation [i.e., the acts of Officers Blake and Wright in allegedly contaminating Plaintiff's milk] he has personal involvement and responsibility of injuries, I suffer from, and failed in his duty to report incident by officers Dave Blake, [and] Barry Wright to his supervisors.

Doc. 3, ¶ IV.C.  Plaintiff alleges that Defendant Capozza's knowledge and acquiescence in Blake's and Wright's allegedly contaminating Plaintiff's milk violated his Eighth Amendment right to cruel and unusual punishment. The complaint seeks only money damages.

### A. Relevant Procedural History

Plaintiff is proceeding in forma pauperis, Doc. 2, and filed a civil rights complaint.  Doc. 3.  The Defendant, Mark Capozza filed a motion to dismiss, Doc. 15, and a brief in support.  Doc. 16.  The Court issued an order directing Plaintiff to file a response by a date

certain. Doc. 17. Plaintiff failed to do so and the court issued a rule to show cause why this case should not be dismissed for failure to prosecute. Doc. 18. Plaintiff filed a response to the rule to show cause. Doc. 19. In that response, Plaintiff also responded to the Defendant's motion to dismiss.

### B. Applicable Legal Principles

Defendant's motion to dismiss seeks dismissal of the complaint pursuant to Fed.R.Civ.P. 12(b)(6). In that motion, the Defendants argue that the complaint fails to state a claim upon which relief can be granted. The Court of Appeals for the Third Circuit announced the standard of review applicable to motions to dismiss filed pursuant to Fed.R.Civ.P. 12(b)(6):

> [Courts] must accept as true all of the factual allegations in the complaint as well as the reasonable inferences that can be drawn from them. *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993). We may dismiss the complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.

Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001). It is the defendant who bears the burden of establishing that the complaint fails to state a claim upon which relief can be granted. Gould Electronics, Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000). Moreover, "under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case[.]" Swierkiewicz v. Sorema N. A., 534 U.S. 506, 511 (2002). See also Nix v. Welch & White, P.A., 55 Fed.Appx. 71, 72 (3d Cir. 2003)("a complaint generally
3

need not allege every element of a plaintiff's claim"). Furthermore, "[b]ecause 'there are no special pleading rules for prisoner civil rights cases,' a complaint should not be dismissed if it specifies 'the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer.'" Perry v. Oltmans, 106 Fed.Appx. 476, 479 (7th Cir. 2004). With these standards in mind, we evaluate the complaint and the motion to dismiss.

### C. Discussion

#### 1. Official Capacity

Defendant's first argument is that any claim against Capozza in his official capacity must be dismissed. The Court does not read the complaint to contain a claim against Defendant Capozza in his official capacity. However, in his response, Doc. 19, it does not appear that Plaintiff abjures an official capacity suit. Hence, the court will accept that Plaintiff is attempting to allege a claim against Defendant Capozza in his official capacity. Accepting this as so, the Defendants are correct. Suits that seek damages against a defendant in his or her official capacity, fail to state a claim upon which relief can be granted.

Suits against government actors in their official capacities are in fact suits against the government which is barred by sovereign immunity as provided for in the Eleventh Amendment. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989)("a suit against a state official in his or her official capacity is not a suit against the

official but rather is a suit against the official's office . . . . As such, it is no different from a suit against the State itself."). See also Bey v. Pennsylvania Department of Corrections, 98 F.Supp.2d 650, 657 (E.D. Pa. 2000) wherein the court summarized well established law, observing that:

> [t]he Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Thus, under the Eleventh Amendment, absent express consent by the state in question or a clear and unequivocal waiver by Congress, states are immune from suit in federal court. See Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996).
> ....
> The DOC is an arm or agency of the Commonwealth. Weston v. Commonwealth of Pa. Dep't of Corrections, No. CIV.A. 98-3899, 1998 WL 695352, at *3 (E.D.Pa. Sept. 29, 1998) ("It is well settled that the DOC is a state agency entitled to Eleventh Amendment immunity, in the absence of Pennsylvania's consent to be sued."). Thus, a suit against the DOC is, in essence, a suit against the Commonwealth and is therefore barred by the Eleventh Amendment. See Hunter v. Commonwealth of Pennsylvania Dep't of Corrections, 42 F.Supp.2d 542, 547 (E.D.Pa.1999).

No exceptions to the Eleventh Amendment immunity are applicable here. Pennsylvania has not consented to be sued. Wilson v. Vaughn, No. 93-C.V.-6020, 1996 WL 426538, *1 n.2 (E.D.Pa. July 30, 1996)(citing, 42 Pa. Con. Stat. Ann. §8521(b)). Congress has not expressly abrogated Pennsylvania's Eleventh Amendment immunity from civil rights suits for damages. See Smith v. Luciani, No. 97-3613, 1998 WL 151803, *4 (E.D.Pa. March 31, 1998), aff'd, 178 F.3d 1280 (3d Cir. 1999)(Table). Thus, Plaintiff's claims against the Defendant in

his official capacity must be dismissed. <u>Teague v. S.C.I. Mahanoy Medical Department</u>, No. 97-2589, 1999 WL 167727, *2 n.2 (E.D.Pa. March 24, 1999).

**2. Personal Involvement**

The next argument Defendant raises is that the complaint fails to sufficiently allege Capozza's personal involvement in the wrongdoing of Blake and Wright and that the complaint seeks to hold Capozza liable only on the basis of respondeat superior. Doc. 16 at 3-4. <u>See</u>, <u>e.g.</u>, <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1981) (requiring personal involvement for liability to attach under Section 1983 cases). "Respondeat superior is a doctrine of vicarious liability based upon public policy [and] the notion that the person who benefits by the acts of the servant must pay for wrongs committed by the servant; the one held liable as master need not be at fault in any way." <u>McClelland v. Facteau</u>, 610 F.2d 693, 695 (10th Cir. 1979). Hence, the only way a defendant can be liable under Section 1983 is based upon facts showing that the defendant was personally involved in depriving the civil rights of the plaintiff, i.e., personally engaged in wrongdoing. However, contrary to Defendants' contentions, a reading of the operative complaint makes clear that Plaintiff is not seeking to hold Defendant Capozza liable based merely on his relationship to underlings who engaged in wrongdoing. Rather, he seeks to hold Defendant Capozza liable for his own alleged wrongdoing, to wit, that he knew of Officer Blake's and Wright's alleged infecting

of Plaintiff's milk and did nothing, i.e., acquiesced in their wrongdoig.  This is sufficient at this stage of the case.  <u>See</u>, <u>e.g.</u>, <u>Rode v. Dellarciprete</u>, 845 F.2d at 1207 ("A[n] [individual government] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or **of actual knowledge and acquiescence**.") (citations omitted)(emphasis added).  <u>See</u> <u>also</u> Plaintiff's Complaint, Doc. 3 at ¶ IV.C ("because Mr. Mack Capozza has knowledge and acquiescence of violation he has personal involvement"). The court finds this to be sufficient at this juncture in the case. Hence, the Defendant's motion to dismiss based on the claim that the complaint fails to adequately allege Capozza's personal involvement should be denied.

### 3.  Request to Consolidate Cases

Defendant Capozza requests this court to consolidate this case with the <u>Blake</u> suit insofar as it meets the requirements of Fed.R.Civ.P. 42(a).  Doc. 16 at 4 - 5.  Plaintiff concurred in this request.  Doc. 19-1 at 3.  The Court agrees that this case should be consolidated with the <u>Blake</u> case as the two cases present common issues of fact and consolidating them will conserve resources.

<u>**CONCLUSION**</u>

In accordance with the Magistrates Act, 28 U.S.C. §636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10)

days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

          /s/Lisa Pupo Lenihan
          Lisa Pupo Lenihan
          United States Magistrate Judge

Dated: November 2, 2006


cc:   Honorable Thomas M. Hardiman
      United States District Judge

      Robert R. Porter
      DU-6434
      SCI Camp Hill
      P.O. Box 200
      Camp Hill, PA 17001

      Mary Lynch Friedline
      Office of the Attorney General
      564 Forbes Avenue
      6th Floor, Manor Complex
      Pittsburgh, PA 152 19